## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TYLEE DODSON,                                    *

Plaintiff,                                       *

v.                                               *        Civil Action No. PX-19-1824

C.O. NWAGWU,                                     *
C.O. ADE-YENI,
SARGENT OWENS,                                   *
LT. TAYLOR, and
C.O. ADEJUWON,                                   *

Defendants.[1]                              ***

## MEMORANDUM OPINION

Plaintiff Tylee Dodson brings this civil action pursuant to 42 U.S.C. § 1983 against Defendant Correctional Officers Nwagwu, Ade-Yeni, and Adejuwon; Sergeant Owens; and Lieutenant Taylor.  ECF No. 1.  Dodson claims that Defendants subjected her to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by virtue of their abusive conduct because she is transgender. *Id.* at 9.  She seeks damages of $500 per day for every day that she has been incarcerated at Patuxent Institution. *Id.* at 13.

On July 21, 2020, Defendants moved to dismiss the action, or alternatively, for summary judgment to be granted in their favor.  ECF No. 14.  The Court informed Dodson that, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the failure to respond to the motion could result in an adverse ruling without further notice.  ECF No. 15.  On October 23, 2020, Dodson was granted until November 20, 2020 to respond to Defendants' motion, but to date, Dodson has not filed anything.

---

[1] The Clerk shall amend the docket to reflect the correct spellings of Defendants' names as they appear in the caption.

The matter is now ripe for review and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons explained below, the Court will grant Defendants' motion.

## I.   Background

Dodson a transgender woman, avers that her gender identity led to "personal abuse, discrimination, personal prejudice, pain and suffering and cruel and unusual punishment" while incarcerated at Patuxent.  ECF No. 1 at 9. Dodson incorporates into her Complaint several administrative remedy requests ("ARPs") and correspondence.  The Court reviews each of the allegations and factual bases for the ARPs, in rough chronological order.

In ARPs dated August 31, 2018 and March 20, 2019, Dodson states that Defendant Ade-Yeni, on several occasions, denied Dodson commissary purchase of feminine items and made anti-gay and other derogatory remarks aimed at Dodson's transgender status. ECF 1-1 at 2, 8.  Ade-Yeni continued to deny Dodson commissary purchases after the warden approved her feminine products.  *Id.* at 8.  Similarly, Defendant Adejuwon targeted her because she is a transgender woman.  *Id.*

An ARP dated March 28, 2019, recounts that Defendant Nwagwu also denied Dodson requests to obtain requested commissary products. *Id.* at 9.  Another ARP dated March 29, 2019, maintains that Officer Johnson and Defendant Owens conducted a "shakedown" during which Defendant Owens repeatedly called her a "faggot." *Id.* at 12. [2]  In an ARP dated March 29, 2019, Dodson complained that she has generally faced discrimination for being transgender and has been harassed on a daily basis. *Id.* at 11.  And in APRs dated April 4 and 15, 2019, Defendant Nwagwu's

---

[2] In a November 7, 2018 letter to the Warden and Assistant Warden, Dodson complained that Defendant Owens targeted her, and she had endured his verbal abuse on numerous occasions. *Id.* at 5.  On November 6, 2018, Defendant Owens removed Dodson from the cafeteria and directed Officer Murran and Sergeant Wilson to strip search her without reason.  Earlier that year, in July 2018, Defendant Owens approached her in the recreation area and told her she "couldn't squat like that: and to "get up" because she was "advertising." *Id.*

late arrival at his post put Dodson at risk because she could not protect herself from other inmates. *Id.* at 13-14, 30.

In an ARP dated April 9, 2019, Dodson describes that she had been repeatedly raped by another inmate in 2018. *Id.* at 17. She asserts that an officer assisted her in filing a complaint under the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.*, and that the officer had alerted Defendant Taylor about the incident but Taylor never followed up with Dodson. *Id.* at 19. Dodson had to feign chest pains to see a medical provider so she could report the rape. *Id.* In another ARP filed that same day, Dodson alleges that on April 8, 2019, while serving lunch trays, Defendant Nwagwu spit in her food before giving it to her. *Id.* at 22-23.

## II.    Standard of Review

Defendants have moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor. Such motions implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Dodson was placed on notice that Defendants sought summary judgment. ECF No. 14; s*ee Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Dodson has failed to respond to Defendants' motion, and so has not objected to this Court treating it as one for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III.    Analysis

Defendants argue that as a matter of law, Dodson cannot proceed on the Complaint because she failed to exhaust her administrative remedies prior to filing suit.  ECF No. 14-1 at 20.  The Court agrees.  The Prisoner Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e.  Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust administrative remedies before this Court will hear the claim.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).  Because the Court may not consider an unexhausted claim, exhaustion is a mandatory precondition to filing a federal suit.  *Ross v. Blake*, 578 U.S. ____, 136 S. Ct. 1850, 1857 (2016).  Therefore, a court ordinarily may not excuse a failure to exhaust.  *Ross*, 136 S. Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  Moreover, an inmate need only exhaust "available" remedies.  42 U.S.C. § 1997e(a); see *Ross*, 136 S. Ct. at 1855.  An administrative remedy is not "available" where the prisoner, "through no

fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725 (citing *Aguilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the Inmate Grievance Office ("IGO"), also within 30 days. C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

If a prisoner's failure to exhaust is "apparent from the facts alleged," then dismissal is warranted. *Anderson*, 407 F. 3d at 682. Alternatively, where the Complaint does not clearly determine the issue, the court must examine material outside the pleadings and treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F. 3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003).

It is undisputed that Dodson has not exhausted the available administrative remedies for the ARPs upon which she bases her Complaint.  Patuxent Administrative Remedy Coordinator, Cornae Shields, attests by sworn declaration that as of February 10, 2020, Dodson had not appealed any of the ARPs filed at Patuxent.  ECF No. 14-9.  Dodson avers in the Complaint that Shields had told her she could not appeal an ARP that had been dismissed.  ECF No 1 at 2.  But Dodson failed to provide any evidence to corroborate what is otherwise her general allegation.  Accordingly, Dodson's failure to exhaust administrative remedies for the events underlying her § 1983 claims precludes review here.  Summary judgement is granted in favor of Defendants for failure to exhaust administrative remedies.  The Court declines to reach Defendants alternative arguments.

## IV.    Conclusion

Defendants' motion, construed as a motion for summary judgment, is granted.  Judgment is granted in favor of Defendants Nwagwu, Ade-Yeni, Owens, Taylor, and Adejuwon.

A separate Order follows.


__January 28, 2021__                              _____/S/_____
Date                                                         Paula Xinis
                                                                United States District Judge